IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Fred F. Perez (K-78591), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24 C 0426 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| Nurse McCray, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendants Shebel and McCray have filed motions to dismiss [25] [53]. Defendants' motions seek dismissal of Plaintiff's claim for objectively unreasonable medical care at the Cook County Jail. The motions are denied for the reasons described in the initial review order of February 15, 2024, and for the reasons stated below. Liberally construed, Plaintiff's complaint states a claim for objectively unreasonable medical care against Defendants Shebel and McCray and they must answer the complaint by March 5, 2025. Plaintiff's motion for recruitment of counsel [94] is denied.

**STATEMENT**

Plaintiff Fred Perez, a state prisoner incarcerated at Robinson Correctional Center, initiated this civil rights action *pro se* under 42 U.S.C. § 1983. Before the Court are Defendant Shebel's motion to dismiss (Dkt. 25) and Defendant McCray's motion to dismiss (Dkt. 53).

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013).

Plaintiff alleges that beginning on May 5, 2023, and continuing through December of 2023, he reported pain and medical issues with his feet to each of Defendants McCray, Shelton, Shebel, Joyner, Sims, Tellado, and Taiwo Pa-Colamide, on different occasions, and none of them did anything to alleviate his discomfort. (Dkt. 6, pgs. 5-17.) Plaintiff alleges that although he had been

referred to a podiatrist for treatment for the issues with his toenails and his feet, he was never taken to see the specialist due to delays caused by Defendants. (*Id*.) Plaintiff alleges that throughout this eight-month time-period he had ongoing pain, and it impeded his ability to walk. (*Id*.) Defendants Susan Shebel and Jeelan McCray have each moved to dismiss the complaint.

To state a claim that medical/jail staff violated his Fourteenth Amendment rights to adequate medical care, Plaintiff must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) staff's response to it was objectively unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018). A showing of negligence or even gross negligence is not sufficient under either the Eighth or Fourteenth Amendment. *Id*. An unnecessary delay in treatment can constitute a Fourteenth Amendment injury if it unnecessarily prolonged a detainee's pain. *Turner v. Reena*, No. 17 C 2434, 2019 WL 2357031, at *4 (N.D. Ill. June 4, 2019), *aff'd sub nom. Turner v. Paul*, 953 F.3d 1011 (7th Cir. 2020).

The Court completed initial review on the complaint pursuant to 28 U.S.C. § 1915A on February 15, 2024 (Dkt. 6), finding that Plaintiff stated a claim against Defendants all Defendants, including Shebel and McCray for objectively unreasonable medical care for his medical issues with his feet as well as ongoing pain and difficulty walking.

**Defendant Shebel:**

Defendant Shebel argues that Plaintiff has failed to allege her personal involvement in Plaintiff's medical care. She also argues she is entitled to qualified immunity. Defendant McCray's motion argues that despite the Court's finding to the contrary in its initial review order of February 15, 2024, Plaintiff failed to state a claim for objectively unreasonable medical care. Defendant Shebel's arguments miss the mark on both counts. First, Shebel ignores the initial review order in attempting to argue lack of personal involvement. In its order, the Court found that, liberally construing Plaintiff's allegations he stated a claim of objectively unreasonable medical treatment relating to his feet, overgrown toenails, and the resulting pain which was ineffectively treated. (Dkt. 5.) Plaintiff was referred to a specialist to treat his condition. *See, e.g., Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) ("A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention."); *see also Pyles v. Fahim,* 771 F.3d 403, 408 (7th Cir. 2014). The claim against Shebel, as made clear in the initial review order, is that she had knowledge of Plaintiff's condition and his difficulty in obtaining adequate care, by way of his grievances, but, in spite of her knowledge and training as a registered nurse, did nothing to assist Plaintiff. As such, as stated in the initial review order, Plaintiff has stated a claim for objectively unreasonable medical care against Defendant Shebel.

To the extent Shebel argues that Plaintiff fails to state a claim for failure to properly handle grievances, Shebel is correct on the law, however, again, the argument ignores the initial review order, which states specifically, that Plaintiff may proceed against Shebel on his claim of inadequate medical care, but that Plaintiff failed to state a claim for the handling of his grievances. (Dkt. 5, pg. 3.)

With regard to Defendant Shebel's argument that she is entitled to qualified immunity, based on the pleading, the argument centers on Shebel's handling of Plaintiff's grievances. As stated above, the Court stated in its initial review order of February 15, 2024, that Plaintiff may

pursue a claim against Shebel for objectively unreasonable medical care, but not for the handling of his grievances. (Dkt. 5.) Accordingly, the qualified immunity argument is denied as moot and Defendant Shebel's motion (Dkt. 25) is denied.

**Defendant McCray:**

As to Defendant McCray's motion, she makes two arguments: (1) she takes issue with the form of Plaintiff's complaint (failure to provide individual numbered paragraphs laying out his claim; and (2) failure to state a claim. With regard to the form of Plaintiff's complaint, Defendant McCray's argument fails. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). The Court already determined that Plaintiff's complaint sufficiently satisfied Fed. R. Civ. P. 8(a) in its initial screening order of February 15, 2024. (Dkt. 5.) Prisoners are not lawyers and, liberally construed, Plaintiff's complaint contains sufficient factual information to successfully withstand initial review pursuant to 28 U.S.C. § 1915A. Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

With regard to Plaintiff's claims against Defendant McCray, Plaintiff describes multiple interactions with McCray on several dates in 2023. (Dkt. 6.) He further alleges her inaction led to delay in care which contributed to his ongoing pain and limiting his ability to walk. (*Id*.) As such, as stated in the Court's initial review order of February 15, 2024, Plaintiff has stated a claim for objectively unreasonable medical care against Nurse McCray and her motion (Dkt. 53) is denied.

For the foregoing reasons, Defendants Shebel and McCray's motions to dismiss (Dkt 25 and 53) are denied. These Defendants shall file their answers to the operative complaint (Dkt. 6) by the date stated above.

Finally, Plaintiff's motion for attorney representation (Dkt. 94) is denied. "There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court may request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In deciding whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to retain counsel on his own or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does the plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). The analysis does not focus solely on the plaintiff's ability to try the case but takes into consideration his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); (2) plaintiff's submissions to date, *Olson*, 750 F.3d at 712; (3) plaintiff's medical and mental health

issues, *id.*; (4) whether plaintiff has been transferred to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013); (5) plaintiff's intelligence, literacy, education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; and (6) the complexity of the case, *id.* at 655-56.

   After considering the above factors, the Court concludes that solicitation of counsel is not currently warranted. Plaintiff has successfully withstood initial screening and two motions to dismiss. This case is in the discovery stage and the Magistrate Judge is ably managing that process, and the parties are working together to move the process forward, reasonably. While Plaintiff contends that the issues in this case (medical care) are complex and may require expert testimony at later stages in the litigation, the tasks before Plaintiff at this point are straightforward and reasonable deadlines are being set to allow the parties to complete their tasks in discovery. Plaintiff communicates clearly in his submissions to the Court, and he has proven himself able to make arguments as necessary in prosecuting his claim. Should the case proceed to the point where Plaintiff requires counsel to manage medical evidence, or expert testimony, Plaintiff is free to renew his motion for counsel if he can establish that he is unable to proceed on his own. Thus, the motion for counsel is denied.

Date:   2/12/2025             /s/ John J. Tharp, Jr.
                      John J. Tharp, Jr.
                      United States District Judge